UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBIL JULIEN,

    Plaintiff,

Case No. 2:16-cv-13872

v.

HONORABLE STEPHEN J. MURPHY, III

NATIONSTAR MORTGAGE LLC,

    Defendant.

                                /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT [7] AND GRANTING DEFENDANT'S MOTION TO DISMISS [5]**

Plaintiff Sybil Julien filed the instant foreclosure-related action in a Michigan Circuit Court. Defendant Nationstar Mortgage then removed the case and filed a motion to dismiss. ECF 5. Plaintiff failed to timely respond, but eventually filed a motion to amend the complaint. ECF 7. The Court has reviewed the briefs and finds that oral argument is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons below, the Court will deny the motion to amend and grant the motion to dismiss.

**BACKGROUND**

On October 26, 2007, Julien received a "reverse mortgage"—a lending method for older homeowners—for 4912 Blue Water Drive in Otter Lake, Michigan. Reverse mortgagors must pay property taxes, but are not required to make monthly mortgage payments; their payments are deferred until their death or when they move from or sell their home. *See* ECF 5, PgID 36 n.1. Julien actually received two mortgages on the same day, and the senior mortgage was eventually assigned to Nationstar on May 11, 2015.

To secure the mortgages, Julien signed a "Truth in Lending" statement. ECF 5-8.[1] The statement lists several events that, if they were to occur, would allow the mortgagees to require the full and immediate payment of the loan. *Id.* One triggering event was if the property was no longer the "principal residence" of at least one borrower. *Id.* Another was if the borrower "violates any other covenants of the Security Instruments and has refused or is unable to comply with the violated conditions of the Security Instruments." *Id.*

At some point, Nationstar determined that Julien was no longer occupying the mortgaged home as her primary residence. So the lender sent letters to the home on February 24, 2015, April 1, 2015, May 13, 2015, and August 24, 2015. ECF 5-9, 5-10, 5-11, 5-12. The letters informed Julien that she was "technically in default due to the non-occupancy of the property as the principal residence" ECF 5-9, PgID 100; ECF 5-10, PgID 105, that she faced foreclosure, ECF 5-11, PgID 111; and the letters further gave her detailed instructions on what to do.

Julien did not timely respond to the letters, so Nationstar foreclosed on the home and allegedly published and posted notices of foreclosure in compliance with Michigan law. ECF 5, PgID 43. Nationstar subsequently purchased the home at a sheriff's sale on February 10, 2016. The redemption period commenced, though the parties dispute whether it was a six-month or twelve-month period. In any event, Julien did not redeem the property, but filed the instant lawsuit on September 28, 2016.

---

[1] Although the exhibit and others were provided by Defendant, Plaintiff referenced them in the Complaint and relied upon them. The Court therefore considers them as part of the pleading in resolving the motion to dismiss. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

**DISCUSSION**

Michigan law provides a period of redemption for a mortgagor to redeem property after a sheriff's sale. Mich. Comp. Laws § 600.3240. The type of property and the amount claimed to be due affect whether the period is six or twelve months. *Id.* No matter the length, however, once the statutory redemption period lapses "the mortgagor's 'right, title, and interest in and to the property' are extinguished." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (quoting *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942) and citing Mich. Comp. Laws § 600.3236). After the period expires, courts may set aside the foreclosure only upon a clear showing of fraud or irregularity in the foreclosure procedure itself. *Id.* at 359–60.

By default, the redemption period is one year, but "if the amount claimed to be due on the mortgage at the date of the notice of foreclosure is more than 66-2/3% of the original indebtedness secured by the mortgage, the redemption period is 6 months." Mich. Comp. Laws § 600.3240(8), (12). Julien argues that the exception does not apply because her original indebtedness was $285,000 and the amount claimed to be due at the date of the notice was $138,578.54—a ratio of 48.6%. Her calculations are not quite accurate, however, because Julien had a reverse mortgage, and her indebtedness increased with time, rather than decreased. Nationstar alleges that Julien's initial indebtedness was $74,225 and that it grew when she made subsequent draws. There is no evidence in the record of the exact figure,[2] but whatever the starting amount, Julien's ratio of amount-due to original-indebtedness would not sink below the 66-2/3% threshold because her

---

[2] Defendants noted that the number is reflected in the "HUD-1 Settlement Statement" and that the document is available for review by the Court upon request. ECF 5, PgID 56–57. Review is unnecessary.

3

indebtedness only grew; it did not shrink. The six-month redemption period therefore applied.

Julien did not redeem the property prior to the redemption period's expiration—even if the longer period had applied. She filed her lawsuit on September 28, 2016, but the filing of a lawsuit does not toll the redemption period. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). In any event, the redemption period has expired. And once the redemption period expires, "all of plaintiff's rights in and title to the property [are] extinguished." *Id.* (citing *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942) and Mich. Comp. Laws § 600.3236). Julien therefore lacks standing to challenge the foreclosure. *Bryan v. JPMorgan Chase Bank*, 304 Mich. App. 708, 715 (2014).

Nationstar moved to dismiss based on the period's expiration and Julien failed to respond to the motion, but she did eventually move to amend her complaint. Ignoring, for a moment, the procedural improprieties that Nationstar has accurately identified, *see* ECF 8, PgID 159–62, granting leave to amend would be improper. Leave to amend "should not be granted if the amended complaint could not withstand a motion to dismiss[.]" *Fisher v. Roberts*, 125 F.3d 974, 978 (6th Cir. 1997). And because the redemption period has expired, Julien has not identified any theory on which an amended complaint would survive a motion to dismiss.

Since the redemption period expired, Julien has limited options. To set aside the foreclosure, she must allege facts to support three essential elements:

(1) fraud or irregularity in the foreclosure procedure,

(2) prejudice to the mortgagor, and

4

(3) a causal relationship between the alleged fraud or irregularity and the alleged prejudice, i.e., that the mortgagor would have been in a better position to preserve the property interest absent the fraud or irregularity.

*Diem v. Sallie Mae Home Loans, Inc.*, 307 Mich. App. 204, 210–11 (2014). The only conceivable irregularity that Julien has alleged is that the sheriff's sale was held prematurely. But the sale was not premature because the redemption period was six months, not twelve. She has failed to allege the necessary elements to set aside the foreclosure and her untimely filed motion to amend the complaint suggests no other conceivable grounds for relief. The Court therefore finds that an amended complaint would be futile.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion to Amend Complaint [7] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: September 12, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 12, 2017, by electronic and/or ordinary mail.

        s/David P. Parker
        Case Manager